CARLOS RUGGLES LUMBER COMPANY *vs.* COMMONWEALTH.

Suffolk. March 8, 1927.— November 30, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Tax,* Excise on corporation. *Corporation,* Taxation. *Interstate Commerce. Words,* "Carrying on or doing of business."

A Massachusetts corporation maintained an office in a city of this Commonwealth where its usual corporate functions were carried on and from which its dividends were distributed. Its sole business was buying and selling lumber and lumber products through its president and salesmen, in certain southern and western States and in the Dominion of Canada, and selling and shipping the same to purchasers in certain other States; and it sold lumber for owners of lumber mills in a similar way for a commission. At no time did it make a purchase within a State and sell and deliver the same to a purchaser within the same State. Generally, a purchase of lumber was not made until it was ordered by a customer and then it usually was shipped directly to the purchaser, although sometimes it was shipped to a diverting point and thence to the purchaser. All sales were made subject to confirmation at the home

office in this Commonwealth. It did not have a lumber yard or any supply of lumber in this Commonwealth for sale either within or without this Commonwealth. There was a small income from interest on customers' notes and from deposits in banks both within and without this Commonwealth. An excise tax was levied, computed on the total net income of the petitioner without apportionment. *Held,* that

(1) The corporation was "carrying on" and "doing" in this Commonwealth some "business" which was not interstate in its nature, under G. L. c. 63, § 32;

(2) *It seems,* that that portion of the corporation's business which consisted of selling lumber on a commission was not interstate commerce;

(3) It was improper to levy upon the corporation an excise tax computed upon its total net income: it was entitled to an allowance under G. L. c. 63, § 38, on the basis of carrying on business both inside and outside the Commonwealth.

PETITION under G. L. c. 63, § 77, filed in the Supreme Judicial Court for the county of Suffolk on November 2, 1925, for the abatement in whole or in part of a tax assessed upon the petitioner for the year 1924.

The petition was reserved by *Wait,* J., for determination by the full court upon the petition, the answer, and an agreed statement of facts. Material facts are stated in the opinion.

*P. Nichols,* for the petitioner.

*A. K. Reading,* Attorney General, for the Commonwealth, submitted a brief.

RUGG, C.J. This petition is brought under G. L. c. 63, § 77, by a domestic corporation for the abatement of an excise tax assessed upon it. The agreed facts are that the principal place of business of the petitioner was at Springfield within this Commonwealth. There it maintained an office where its usual corporate functions were carried on and from which its dividends were distributed. It maintained no other office or place of business, permanent or temporary, in any State other than this Commonwealth. Its sole business was buying lumber and lumber products in certain southern and western States of the Union and in the Dominion of Canada, and in selling and shipping the same to purchasers in certain other States of the Union. It also sold lumber for owners of lumber mills in a similar way for a commission. In most instances the petitioner did not buy lumber until it was ordered by a customer and then it was

usually shipped directly to the purchaser, although sometimes it was shipped to a diverting point and thence to the purchaser. The buying and selling was done by the president and salesmen of the petitioner, some of whom lived outside this Commonwealth. All sales were made subject to confirmation at the home office in Springfield. At no time has the petitioner made purchases within a State and sold or delivered the same to a purchaser within the same State. It has not had a lumber yard or any supply of lumber in this Commonwealth for sale either within or without this Commonwealth. In addition to its main profits, the petitioner derived a small income from interest on customers' notes and from deposits in banks both within and without this Commonwealth.

The present controversy relates to the income for the year 1924. An excise tax was levied on the total net income of the petitioner without apportionment. The tax was assessed under that part of G. L. c. 63, § 32, which provides that ". . . every domestic business corporation shall pay annually, with respect to the carrying on or doing of business by it, an excise equal to the sum of the following . . . : (1) An amount equal to five dollars per thousand upon the value of its corporate excess. (2) An amount equal to two and one half per cent of that part of its net income, as defined in this chapter, which is derived from business carried on within the commonwealth." This part of the statute must be interpreted in connection with § 38 of the same chapter, which provides in effect that, if the corporation carries on no business outside this Commonwealth, the whole of the business income shall be allocated to this Commonwealth, a formula for allocation to this Commonwealth of a part of the net income being there established only for corporations conducting business both within and outside this Commonwealth based upon a comparison between the value of their tangible property situated within this Commonwealth and the value of all such property wherever situated.

The petitioner is incorporated under the laws of this Commonwealth. The tax here in issue is not a franchise tax on the right of the petitioner to exist as a corporation,

such as were our earlier corporation tax laws. It is not a tax on tangible property. It is not an income tax. It is an excise tax on the "carrying on or doing of business" by the petitioner. G. L. c. 63, § 32. *Judson Freight Forwarding Co.* v. *Commonwealth*, 242 Mass. 47. *Alpha Portland Cement Co.* v. *Massachusetts*, 248 U. S. 203, 213, 216. It is manifest that the petitioner during the year in question was "carrying on" and "doing business" in this Commonwealth which was not interstate in its nature. Its main office and principal place of business were here. Its "corporate functions" were carried on here. This descriptive phrase must include as matter of fair interpretation the holding of meetings of directors and of stockholders, the declaration of dividends, the maintenance of essential corporate offices such as those of the president, treasurer and secretary, the making of corporate records, the keeping of the books of the treasurer and whatever else may be necessary for the continuance of corporate existence. The dividends were distributed in this Commonwealth. The petitioner deposited money in banks here and received interest on the same. With respect to precisely similar facts except that foreign corporations were involved instead of a domestic corporation it was said in *Cheney Brothers Co.* v. *Massachusetts*, 246 U. S. 147, at page 155 (affirming *Copper Range Co.* v. *Commonwealth*, and *Champion Copper Co.* v. *Commonwealth*, 218 Mass. 558, 576–579): "The exaction of a tax for the exercise of such corporate faculties is within the power of the State. Interstate commerce is not affected"; and at page 156: "These corporate activities in Massachusetts are not interstate commerce and may be made the basis of an excise tax by that State." The circumstance that those words were used touching foreign rather than domestic corporations is immaterial in its bearing on the issues here raised. Although those cases arose under an earlier tax law, the exact question involved was the same as one here presented, namely, whether the activities described constituted a doing of business within this Commonwealth not interstate in nature. Thus it is settled by authoritative adjudication that the contention of the petitioner to the effect that it is not subject to any excise

because its business is exclusively interstate in nature cannot be supported. The petitioner was doing some business in this Commonwealth which was not interstate commerce. Hence it is subject to some excise under the governing statute. In view of this express decision by the Supreme Court of the United States as to a subject on which it is the tribunal of last resort, it is unnecessary to discuss the cases on which the petitioner relies such as *Robbins* v. *Shelby County Taxing District,* 120 U. S. 489, *McCall* v. *California,* 136 U. S. 104, *Stockard* v. *Morgan,* 185 U. S. 27, *Texas Transport & Terminal Co. Inc.* v. *New Orleans,* 264 U. S. 150, *Ozark Pipe Line Corp.* v. *Monier,* 266 U. S. 555, 567, and *Real Silk Hosiery Mills* v. *Portland,* 268 U. S. 325. In all those cases the facts were held to constitute the doing of interstate business alone. In the case at bar business not interstate was carried on.

Seemingly that portion of the petitioner's business which consisted of selling lumber on a commission is not interstate commerce within the principle declared in *Ficklen* v. *Shelby County Taxing District,* 145 U. S. 1. In that case it was held, touching a license tax on gross commissions of resident brokers engaged in negotiating, between residents and nonresidents, sales of goods situated in another State, that (page 24): "This tax is not on the goods, or on the proceeds of the goods, nor is it a tax on nonresident merchants; and if it can be said to affect interstate commerce in any way it is incidentally, and so remotely as not to amount to a regulation of such commerce." It is not necessary, however, to discuss this question or to consider whether the scope of this decision has been narrowed by later ones such as *Stockard* v. *Morgan,* 185 U. S. 27, 35–37, because it is plain that the petitioner was carrying on important parts of its business within this Commonwealth as intrastate business so as to be subject to an excise tax under the present statute by force of the decision in *Cheney Brothers Co.* v. *Massachusetts,* 246 U. S. 147, notwithstanding its other interstate business.

The petitioner is entitled to allocation of its excise tax. The pertinent statute on this point is G. L. c. 63, § 38, wherein, after referring to certain allocations of income not here material, it is provided that "the remainder of the net in-

come . . . shall be allocated as follows: 1. If the corporation carries on no business outside the Commonwealth, the whole of said remainder shall be allocated to this Commonwealth. 2. If the corporation carries on any business outside the Commonwealth, the said remainder shall be divided" into parts and allocated as further specified, only a part being attributed to business carried on in this Commonwealth. The classification of corporations thus established is (1) those carrying on "no business outside the Commonwealth," and (2) those carrying on "any business outside the Commonwealth." The whole of the remainder of the net income of the former class is allocated to this Commonwealth, and only a part of such remainder of the latter class is attributed to this Commonwealth. These words of the tax statute must be given their natural and commonly accepted meaning and not stretched to any technical interpretation. *Hemenway* v. *Milton*, 217 Mass. 230. The description of the business of the petitioner already given makes it plain that it cannot rightly be held to be carrying on no business outside the Commonwealth but on the contrary demonstrates that it is carrying on some substantial business outside this Commonwealth. The purchase of commodities in one State and the sale of the same in another State and the shipping and transportation thereof from one State to the other, all accomplished through the medium of salesmen resident and nonresident, constitute interstate commerce. Such transactions are rightly described as commercial intercourse between the several States. They fall within authoritative definitions of interstate commerce. *Marconi Wireless Telegraph Co. of America* v. *Commonwealth*, 218 Mass. 558, 565, 566, and definitions there collected. *Weeks* v. *United States*, 245 U. S. 618, 622. *Federal Trade Commission* v. *Pacific States Paper Trade Association*, 273 U. S. 52, 63, 64. It is not essential to interstate commerce that persons engaged in it have established places of business in the several States or in more than a single State. *Machine Co.* v. *Gage*, 100 U. S. 676. *Wagner* v. *Covington*, 251 U. S. 95. *Real Silk Hosiery Mills* v. *Portland*, 268 U. S. 325.

It follows that the petitioner was subject to an excise tax

but was entitled to have that tax allocated on the basis of carrying on business both inside and outside of this Commonwealth. The case is remanded to the county court for the calculation of the correct excise tax and the ascertainment of the amount of the abatement to which the petitioner is entitled in accordance with this opinion.

*Ordered accordingly.*