# SUPPLEMENT

### OPINION OF THE JUSTICES TO THE GOVERNOR AND COUNCIL.

The provisions of G. L. c. 63, § 32, in the amended form set out in St. 1929, c. 359, § 2, were not declared unconstitutional and inoperative, within the meaning of G. L. c. 63, § 52, as amended by St. 1926, c. 219, either by final judgment, order or decree of the Supreme Court of the United States in the case of *Macallen Co.* v. *Massachusetts*, 279 U. S. 620; 280 U. S. 513, or by any such final order, judgment or decree of the Supreme Judicial Court of this Commonwealth.

It is only when the executive or legislative body has pending before it some question concerning which doubts exist as to its power and authority, or the power and duty of some subordinate officer under its direction, and where the settlement of such doubts is necessary to enable it to act legally and intelligently upon such pending question, that the justices are required or authorized to give an advisory opinion under c. 3, art. 2 of the Constitution.

While answering a question, submitted to them by the Governor and Council respecting the validity of certain corporation excise taxes in view of the decision of the Supreme Court of the United States in *Macallen Co.* v. *Massachusetts*, 279 U. S. 620; 280 U. S. 513, and the duty of the commissioner of corporations and taxation in the circumstances, the justices expressed doubt whether the inquiries related to subject matter with respect to which the Governor and Council had a present constitutional or statutory duty to perform, and whether an advisory opinion was required or authorized under c. 3, art. 2 of the Constitution; and stated that their having answered the question should not be regarded as establishing a precedent.

On October 16, 1929, the Governor and Council adopted the following order:

WHEREAS, in view of the recent decision of the Supreme Court of the United States in the case of *Macallen Company* v. *The Commonwealth of Massachusetts*, great uncertainty has arisen as to the validity of a vast number of corporation excise taxes as well as uncertainty as to the duty of the Commissioner of Corporations and Taxation to make, within a limited period which may already be expiring, assessments under laws which may be revived; and

WHEREAS, the said decision gives rise to such grave uncertainty as creates a solemn occasion within the meaning of Article II. of Chapter III. of Part the Second of the Constitution of the Commonwealth;

ORDERED, That the opinion of the Justices of the Supreme Judicial Court be required by the Governor and Council upon the following important questions of law: —

*First.* Have the provisions of Section Thirty-Two of Chapter Sixty-Three of the General Laws as amended been declared unconstitutional or inoperative, within the meaning of Section Fifty-Two of said Chapter, as amended by Chapter Two Hundred and Nineteen of the Acts of Nineteen Hundred and Twenty-Six, either by final judgment, order or decree of the Supreme Court of the United States in the case of the *Macallen Company* v. *The Commonwealth of Massachusetts* decided by that Court May 27, 1929, petition for rehearing of which cause was denied October 14, 1929, or by any such final order, judgment or decree of the Supreme Judicial Court of this Commonwealth?

*Second.* If the answer to the question above propounded is in the affirmative what date constitutes "the date of entry of such final judgment, order or decree" within the meaning of Section Fifty-Two of Chapter Sixty-Three of the General Laws?

On October 30, 1929, the Justices returned the following answers:

To His Excellency the Governor and the Honorable Council of the Commonwealth of Massachusetts.

The Justices of the Supreme Judicial Court, in reply to your order of October 16, 1929, copy of which is hereto annexed, respectfully express their opinion as follows:

The first point to be considered is the effect of the decision of the Supreme Court of the United States in *Macallen Co.* v. *Massachusetts*, 279 U. S. 620, on that part of the tax laws of the Commonwealth whereby an excise is imposed on business corporations for the privilege of doing business. The opinion in that decision deals exclusively with the practical and constitutional consequences of the definition

of "net income" for the purpose of calculating that excise contained in St. 1925, c. 343, § 1A, in its relation to the definition of "net income" in St. 1925, c. 265, § 1, which was the last preceding form of paragraph 5 of § 30 of c. 63 of the General Laws. After quoting the form of paragraph 5 of said § 30, in St. 1925, c. 265, § 1, and that in St. 1925, c. 343, § 1A, that opinion states on pages 623 and 624, the practical and comparative effect of the two in these words: "Thus, under the original definition of net income, there was expressly excluded from the net income taxable at two and one-half per cent all interest received upon bonds, notes and certificates of indebtedness of the United States. And the definition had the effect of excluding, in the same respect, interest on state, county and municipal bonds. . . . The taxing authorities of the state assessed against appellant, for the year 1926, a tax under the provisions of the then-existing statute as first above quoted [G. L. c. 63, § 32 as amended by St. 1923, c. 424, § 1] adding, for the purpose of computing the assessment, to the amount of the net income of appellant as determined by the federal income tax returns of appellant, all sums of interest received by appellant from . . . United States, Farm Loan, and county and municipal bonds [owned by it]. Without this addition, and under the original definition of net income, the amount of the tax assessed would have been materially less."

The essence of the result of that decision is found in these three quotations from 279 U. S. page 630. "On the one hand, the state is at liberty to tax a corporation with respect to the doing of its business. On the other hand, the state cannot tax the income of the corporation derived from non-taxable securities. It necessarily follows that the legislature may not, by an artful use of words, deprive this Court of its authority to look beyond the words to the real legislative purpose." Page 631. "In the present case, it appears that the original statute exempted from consideration as a part of the measure of the tax all interest upon the non-taxable securities. The amended act now in force has the effect of repealing this original provision and impos-

ing a burden upon the securities from which, by express language, they had theretofore been free. This was a distinct change of policy on the part of the Commonwealth, adopted, as though it had been so declared in precise words, for the very purpose of subjecting these securities *pro tanto* to the burden of the tax." Page 634. "We conclude that the amended act in substance and effect imposes a tax upon federal bonds and securities; and it necessarily follows that the act in substance and effect also imposes a tax upon the county and municipal bonds. In both respects, the act is void."

It seems to us that the attention of the Supreme Court of the United States was centered on St. 1925, c. 343, § 1A, and that its holding as to unconstitutionality was confined to the changes wrought by that section upon the pre-existing statutory law in St. 1925, c. 265, § 1, in their effect upon G. L. c. 63, § 32, as amended by St. 1923, c. 424, § 1. The sole consequence of that decision in our opinion is to render the part of St. 1925, c. 343, § 1A, unconstitutional so far as it measures the excise in any degree by inclusion of net income derived from bonds, notes and certificates of indebtedness of the United States and from county and municipal bonds of this Commonwealth and from other securities expressly exempted from taxation by the law of the United States or of this Commonwealth. That decision does not in our opinion render invalid other provisions of G. L. c. 63, or of St. 1925, c. 265, § 1, by which the excise upon corporations for the privilege of doing business is measured and ascertained.

Decisions have been made by the Supreme Court of the United States as to the effect of unconstitutional laws. It was said in *Ex parte Siebold*, 100 U. S. 371, 376: "An unconstitutional law is void, and is as no law." In *Norton* v. *Shelby County*, 118 U. S. 425, 442, are found these words: "An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." In *Chicago, Indianapolis*

& *Louisville Railway* v. *Hackett*, 228 U. S. 559, 566, it was declared that a statute held to be unconstitutional was "as inoperative as if it had never been passed, for an unconstitutional act is not a law, and can neither confer a right or immunity nor operate to supersede any existing valid law." It must be presumed that the Supreme Court of the United States contemplated that its decision in the Macallen Company case should have the effect thus previously declared by it to be the operation of its decisions holding statutes to be unconstitutional. Since its decision in the Macallen Company case as to unconstitutionality was directed solely to St. 1925, c. 343, § 1A, and its effect upon other parts of the statutes imposing the excise on business corporations, it seems to follow that the enactment of that statute did not "operate to supersede any existing valid law." The existing law prior to the formal but ineffectual enactment of St. 1925, c. 343, § 1A, was G. L. c. 63, with its various amendments including St. 1925, c. 265, § 1. According to all adjudications thus far made, G. L. c. 63 with its amendments, with the single exception of St. 1925, c. 343, § 1A, is a valid law. *W. & J. Sloane* v. *Commonwealth*, 253 Mass. 529. *National Leather Co.* v. *Commonwealth*, 256 Mass. 419; affirmed in *National Leather Co.* v. *Massachusetts*, 277 U. S. 413. *Carlos Ruggles Lumber Co.* v. *Commonwealth*, 261 Mass. 445. *Carlos Ruggles Lumber Co.* v. *Commonwealth*, 261 Mass. 450.

It is a general principle that, when a statute whereby an attempt has been made to amend previously existing statutes has been declared unconstitutional, the previously existing statutes survive untarnished by the ineffectual attempt to change them. An "existing statute cannot be recalled or restricted by anything short of a constitutional enactment." *Davis* v. *Wallace*, 257 U. S. 478, 485. *Liquid Carbonic Co.* v. *Commonwealth*, 232 Mass. 19, 22. *Old Dominion Co.* v. *Commonwealth*, 237 Mass. 269, 276. See *Burrill* v. *Locomobile Co.* 258 U. S. 34. The unconstitutional amendment is treated as quite distinct and severable from the prior statutes. They stand in full strength notwith-

standing the independent and void effort· to amend them. *Lawton Spinning Co.* v. *Commonwealth*, 232 Mass. 28, 32, 33, 34.

We are therefore of opinion that there is nothing in *Macallen Co.* v. *Massachusetts*, 279 U. S. 620, which in any · degree taints the constitutionality of the statutes of this Commonwealth existing prior to the enactment of St. 1925, c. 343, § 1A, and that all provisions of G. L. c. 63, as amended, with the single exception of St. 1925, c. 343, § 1A, stand fully operative so far as that decision goes.

The next point to be considered is the effect of G. L. c. 63, § 52, as amended by St. 1926, c. 219, in view of this decision of the United States Supreme Court. The material words of that section are: "If the provisions of section thirty-two imposing an excise on domestic business corporations are declared unconstitutional or inoperative by a final judgment, order or decree of the supreme court of the United States or of the supreme judicial court of the commonwealth, such portion of the law relating to business corporations as set forth in sections thirty to fifty-one, inclusive, as relates solely to domestic business corporations shall be null and void, and such portion of said law as relates in part to domestic business corporations shall become inapplicable to such corporations. In such event, all laws applicable to domestic business corporations which were repealed or were made inoperative as to, or inapplicable to, domestic business corporations by chapter three hundred and fifty-five of the General Acts of nineteen hundred and nineteen shall thereupon be revived and become operative and applicable in respect to such corporations and shall be continued in full force and effect from the first day of January of the calendar year preceding· the calendar year in which such final judgment, order or decree is entered, to the same extent as if said chapter three hundred and fifty-five had not been enacted. . . . If any part, section or subdivision of said sections thirty to fifty-one, inclusive, other than the provisions in section thirty-two or thirty-nine imposing an excise, shall be declared unconstitutional or inoperative, the remaining parts of said sections thirty

to fifty-one, inclusive, shall not be affected thereby." The chief features of that section, so far as here material, were in St. 1919, c. 355, § 32, when the present excise on corporations for the privilege of doing business was first enacted. They were reënacted in G. L. c. 63, § 52. Apparently the purpose of the General Court as thus expressed was to avoid the possibility that the sections imposing the new excises might be held unconstitutional and thus the Commonwealth be left without any law requiring contribution for the support of government from corporations for the privilege of doing business within the Commonwealth, and also to define the precise limits of the havoc wrought by such unconstitutionality upon other sections of the statute not immediately involved. There was a clear field for the operation of that section touching the main design of the new excise law. We do not think that the words of that section disclose an intention that the section shall take effect in the circumstances here disclosed. The main design of the excise law as set forth in G. L. c. 63, § 32, has not been declared unconstitutional. As already pointed out, the validity of that section as it was prior to the formal but ineffectual enactment of St. 1925, c. 343, § 1A, has not been impugned. It still is unimpugned for the reason that St. 1925, c. 343, § 1A, in substance has been declared null and void with the necessary result that the "original statute stood wholly unaffected by it." *Davis* v. *Wallace*, 257 U. S. 478, 485. We cannot assume that the Legislature intended to declare that the whole scheme of this excise tax law should be repealed and that an earlier discarded one should be revived, in the event that the incidental and subsidiary change sought to be made in § 30 of the excise law (G. L. c. 63) by St. 1925, c. 343, § 1A, should be declared contrary to the Constitution and therefore ineffectual. That is too violent an inference or construction to be warranted. *Truax* v. *Corrigan*, 257 U. S. 312, 341, 342. The essential and dominating provisions of said § 32 have not been "declared unconstitutional or inoperative" by the Supreme Court of the United States. Only a comparatively unimportant and ancillary amendment vainly attempted

to be made to another section of the statute, § 30, whereby the scope and sweep of said § 32 would have been changed, has been "declared unconstitutional." The circumstances here disclosed render applicable the saving clause contained in the last sentence of § 52 of c. 63 of G. L. as amended by St. 1926, c. 219, and already quoted. It was the definition of "net income" as contained in St. 1925, c. 343, § 1A, which has been declared unconstitutional. That was a subdivision of G. L. c. 63, § 30. It was no part of G. L. c. 63, § 32. It had an effect upon the operation of that section but it was a part of another distinct and separate section. It follows that neither in letter nor in spirit can the "null and void" feature of said § 52 be invoked as to §§ 30 to 51, inclusive, of G. L. c. 63. Since the only part, section or subdivision of §§ 30 to 51, inclusive, of G. L. c. 63, which has been declared unconstitutional, is subdivision 5 of § 30 in the form found in St. 1925, c. 343, § 1A, the remaining parts of §§ 30 to 51, inclusive, as they were before the futile enactment of § 1A are not touched but remain in full force in accordance with the express terms of the last sentence of § 52 as found in St. 1926, c. 219.

The first question of the order is answered "No."

Since the answer to the first question is in the negative, no answer is requested to the second question according to its express terms.

We have difficulty in understanding how the inquiries in this order relate to matters with respect to which the Governor and Council have a present constitutional or statutory duty to perform. It is only when the executive or legislative body has pending before it some question concerning which doubts exist as to its power and authority, or the power and duty of some subordinate officer under its direction, and where the settlement of such doubts is necessary to enable it to act legally and intelligently upon such pending question, that the justices are required or authorized to give an advisory opinion under c. 3, art. 2 of the Constitution. *Opinion of the Justices*, 217 Mass. 607, 611, 612, and opinions there reviewed. It is apparent, however, that the matter of revenue involved in this order

presents an important question of law and may be weighty in some deliberations of the Governor and Council. Therefore we have complied with the order, but this is not to be regarded as establishing a practice. *Answer of the Justices,* 214 Mass. 602. *Opinion of the Justices,* 261 Mass. 556, 612, 613.

ARTHUR P. RUGG
JOHN C. CROSBY
EDWARD P. PIERCE
JAMES B. CARROLL
WILLIAM C. WAIT
GEORGE A. SANDERSON
FRED T. FIELD