J. M. Blanco, Inc., Plaintiff and Appellee, *v.* R. Sancho Bonet, Treasurer Of Puerto Rico, Defendant and Appelant.

No. 7702.   Argued February 9, 1939.—Decided July 22, 1939.

B. *Fernández García, Attorney General,* and *E. Campos del Toro, Assistant Attorney General,* for appellant.   *Gabriel de la Haba* and *J. J. Ortiz Alibrán,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

J. M. Blanco, Inc., a corporation organized under the laws of the Island, filed a complaint against the Treasurer of Puerto Rico for the recovery of certain income taxes which it paid under protest.

The complaint stated five causes of action. In the first one plaintiff alleged that in the year 1930 it liquidated a net loss of $10,423.58, and that the Treasurer unjustifiedly reduced it to $8,643.97; in the second, that the Treasurer imposed on it an income tax amounting to $1,004.96, as deficiency tax, for the year 1931, by adding to its gross income $3,483.61 which plaintiff never received, alleging further that whichever its gross income may be, it has a right to an exemption of five thousand dollars in accordance

with Section 34(*b*) of Act No. 74 of 1925 (p. 400); in the third cause of action it was alleged that the Treasurer imposed, for the year 1932, an income tax, as deficiency tax, amounting to $965.83 by adding to its gross income the sum of $1,748 which it never received, claiming in the same manner the exemption of five thousand dollars; in the fourth it was alleged that for the following year, 1933, the Treasurer imposed on it an income tax amounting to $673.12 as a deficiency tax, by increasing its gross income in $1,805, which it never received, claiming likewise the exemption mentioned, and in the fifth, that the Treasurer, for the following year, 1934, imposed on it an income tax of $233.60 as deficiency tax, by adding to its gross income the amount of $1,763 which it never received, and similarly claiming the exemption of $5,000 instead of the three thousand which had been granted in all the cases.

After pleading its case before the Board of Review and Equalization without success, the plaintiff, as we already pointed out, paid said taxes under protest, which together with the interest amounted to $2,795.41, and filed this action for their recovery, plus legal interest from the date of payment, requesting besides that Section 6 of Act No. 18 of 1927 (p. 144), based on which the Treasurer imposed the tax, be declared unconstitutional.

The defendant answered the averments of each of the five causes of action separately, explaining what he had done in each case and upholding the validity of the same.

Then both parties filed the following stipulation in court:

"Now come plaintiff and defendant through their respective counsel, to stipulate that judgment be entered in this case, and consequently and for that purpose, and by virtue of the study which they have made of the official records of the Treasury Department and of the allegations of the parties, they agree on and accept the following facts:

"(1) In regard to the first cause of action, which refers to the fiscal year 1930, the plaintiff, for the sake of this stipulation, accepts

as proven all the allegations of fact as they appear from the answer filed by the defendant. (Subdivision 1, 2, 3 and 4.)

"(2) In regard to the second cause of action, which refers to the fiscal year 1931, plaintiff accepts as proven, for the sake of this stipulation, all the allegations of fact as they are specified in detail in defendant's answer (subdivision 4), and the defendant accepts that the net total income of plaintiff amounted, during this year, to $10,355.97, and denies, as a question of law, that plaintiff has a right to a credit or exemption amounting to $5,000, according to Section 36 (b) of Act No. 74 of August 6, 1925, whichever its income may be; and on the contrary defendant alleges that plaintiff has no right to any credit or exemption as the law applicable to its case in 1931 is not Act No. 74 of 1925, but Act No. 18 of June 3, 1927, which plaintiff considers void as it is contrary to the principle of uniformity established by the Organic Act of Puerto Rico.

"(3) In regard to the third cause of action, which refers to the fiscal year 1932, plaintiff accepts as proven, for the sake of this stipulation, all the allegations of the defendant as they appear from his answer; and for the sake of the issue of law stated by plaintiff, defendant accepts that the net total profit of plaintiff for said year amounted to $13,544.48, it being stipulated in reference to this issue of law, exactly the same that was stipulated in regard to the year 1931.

"(4) In regard to the fourth cause of action, which refers to the fiscal year 1933, plaintiff accepts as proven, for the sake of this stipulation, all the allegations of fact of the defendant, as they are specifically detailed in his answer, and in reference to the issue of law stated, the defendant accepts that the net total income of plaintiff for the year 1933 amounted to $11,454.97, stipulating in regard to said issue of law, the same that they have stipulated in the preceding second and third causes of action.

"(5) In regard to the fifth cause of action, which refers to the fiscal year 1934, plaintiff accepts as proven, for the sake of this stipulation, all the allegations of fact of the defendant as they appear in detail from his answer, and in reference to the issue of law stated, the defendant accepts that the net total income of plaintiff for the year 1934 amounted to $9,756.22, defendant alleging that plaintiff only has a right during this year to an exemption or credit of $3,000, and plaintiff alleging that it has a right to an exemption amounting to $5,000 for the reasons previously stated.

"The effects of this stipulation are that the facts, as alleged by defendants, be considered as proven, or, what is the same, that plain-

tiff waives the issues of fact stated, leaving to the decision of the Court the issues of law stated in the second, third, fourth and fifth causes of action, insofar as they refer to the voidance or validity of Section 6 of Act No. 18 of June 3, 1927, and to the applicability or inapplicability of Section 36 (b) of Act No. 74 of August 6, 1925.''

And relying on this stipulation, the district court entered its judgment, which it based on a statement of facts and opinion from which we quote the following:

"As appears from the preceding stipulation, plaintiff accepts the facts alleged in the answer in opposition to the first cause of action. Having accepted such facts as proven, it is evident that the first cause of action can not subsist.

"In regard to the remaining four causes of action the question to be decided is whether the Treasurer, in assessing the deficiency tax, should have applied and granted the exemption of $5,000 allowed by Section 34 (b) of Act No. 74 of 1925, or if on the contrary he should have applied Section 6 of Act No. 18 of 1927, which does not grant such exemption.

"Plaintiff alleges that Section 6 of Act No. 18 of 1927 is void for being unconstitutional, and it was so decided by this court, through the undersigned, in the case of Méndez Hnos. v. Manuel Domenech, civil number 18140, where, considering this same question, he stated as follows:

" 'Let us now consider the second issued raised by plaintiff, that is, the right which it alleges to have to a deduction of $5,000 from the net income, as the same does not exceed the amount of $25,000 during the taxable term object of the tax paid under protest.

" 'Section 34 of Act No. 74 of 1925, on which plaintiff relies, reads in its pertinent part:

" " "Section 34.—For the purpose only of the tax imposed by section 28 there shall be allowed the following credits:

" ' " " *          *          *          *          *          *          *

" ' " "(b) In the case of a domestic partnership or corporation the net income of which does not exceed twenty-five thousand (25,000) dollars, a specific credit of $5,000, and in other cases a specific credit of $4,000."

" 'In the year 1927 an attempt was made to amend the above-transcribed precept, and to that effect Act No. 18 of 1927 (p. 486) was approved. Its Section 6 reads as follows:

" ' "Section 6.—That clause (*b*) of Section 34 of said Act is hereby amended as follows:

" ' " ' (*b*) In the case of a domestic partnership or corporation the net income of which does not exceed ten thousand (10,000) dollars, a specific credit of three thousand (3,000) dollars. In cases where the net income exceeds ten thousand (10,000) dollars no credit shall be allowed. Foreign corporations or partnership (although having an office or business place in Puerto Rico) are not entitled to the three-thousand (3,000) dollars credit allowed domestic corporations and partnerships.' "

" 'Plaintiff alleges that this amendatory act is unconstitutional and consequently that it can not at all affect and least of all repeal Section 34 (*b*) of Act No. 74 of 1925, which has remained in force and on which it relies to claim the exemption of $5,000.

" 'Plaintiff is right. The case of *Domenech* v. *Havemeyer*, 49 F. (2) 849, although a case concerning taxation over excess profits, shows us the path to follow in deciding the issued raised.

" 'Section 2 of our Organic Act demands that the Legislature of Puerto Rico impose uniform taxation, and the tax imposed by the amendment to the act of 1927 is not uniform, inasmuch as a domestic corporation or partnership the net income of which does not exceed $10,000 has a right to an exemption of $3,000, while another partnership or corporation of the same nature the income of which amounts to $10,001, is not entitled to any exemption. It is clear that the law would be uniform and in consequence constitutional, if it granted to all the tax-payers the exemption of $3,000 on the first $10,000. See the convincing reasoning of the Circuit Court of Appeals for the First Circuit, in the case of *Domenech* v. *Havemeyer*, *supra*.

" 'The amendatory act being as it is unconstitutional, the original act cannot be affected by it and remains in full force and effect. See on this regard 25 R.C.L. 906, Section 157; 11 A.L.R. 510, and 66 A.L.R. 1477 and annotation.' (Opinion of the District Court of San Juan, rendered in the case of Méndez Hnos. *supra*, pp. 9 and 10.)

"Holding as we do hold that plaintiff is entitled to the exemption of $5,000 which it claims and that said exemption should have been deducted during the fiscal years 1931, 1932, 1933 and 1934, it is proper in this case to enter judgment declaring that plaintiff is entitled to the exemption aforementioned for the four years already expressed; the tax to be paid for said years to be liquidated anew in accordance with the terms of this opinion, and the Treasurer of Puerto

Rico to return to plaintiff any balance that may result in its favor, plus legal interest from the date of the filing of the complaint— January 22, 1937—to the day of payment, awarding costs but not attorneys' fees."

Feeling aggrieved, defendant appealed. He assigns three errors, in his opinion committed by the lower court: 1, in deciding that Act No. 18 of June 3, 1927, which amended sub-division (b) of Section 34 of Act No. 74 of August 6, 1925, is unconstitutional; 2, in holding that plaintiff is entitled to an exemption of $5,000 at the time of assessing its taxable net income for the years 1931, 1932, 1933 and 1934, by virtue of the exemption granted to it by Section 34 (b) of Act No. 74 of August 6, 1925; and 3, in ordering the Treasurer of Puerto Rico to liquidate again the tax which is the object of this suit, deducting from plaintiff's taxable net income the amount of $5,000 for each one of the fiscal years referred to in the complaint.

■ The same constitutional question raised at present was considered in the case of *F. Febles & Co.* v. *Sancho Bonet, Treasurer,* 50 P. R. R. 742. The opinion of this Court in said case, delivered by Mr. Justice Wolf, reads as follows:

"The plaintiff and appellee complained that under Act No. 74 of 1925, it was entitled to a deduction of five thousand dollars from its net income for the purposes of calculating its income tax, whereas the Treasurer only allowed the said firm a deduction of $3,000. The Treasurer was following or attempting to follow Act No. 18 of 1927 which, according to him, only gave the appellee a right to the smaller deduction. Section 34 (b) of Act No. 74 of 1925 (Laws, p. 482), before it was amended read as follows:

"'Section 34.—For the purpose only of the tax imposed by section 28 there shall be allowed the following credits:

"'(a)   .   .   .   .   .   .   .   .   .   .

"'(b) In the case of a domestic partnership or corporation the net income of which does not exceed twenty-five thousand (25,000) dollars, a specific credit of $5,000, and in other cases a specific credit of $4,000.'

"Section 6 of Act No. 18 of 1927 (Laws, p. 490) which amended Section 34(b), *supra,* now reads thus:

386

" 'Section 6.—That clause (b) of Section 34 of said Act is hereby amended as follows:

" ' " "(b) In the case of a domestic partnership or corporation the net income of which does not exceed ten thousand (10,000) dollars, a specific credit of three thousand (3,000) dollars. In cases where the net income exceeds ten thousand (10,000) dollars no credit shall be allowed. Foreign corporations or partnerships (although having an office or business place in Porto Rico) are not entitled to the three thousand (3,000) dollars credit allowed domestic corporations and partnerships." ' "

"Under the provision of the Act of 1927 a firm or corporation having a net income of over $10,000 would be allowed no deduction. The Act of 1927 was attacked as discriminatory. The district court held the provision which is quoted from the Act of 1927 to be unconstitutional.

"There are doubts in some of the members of the court as to the constitutionality of the act which we shall not discuss for the following reasons:

"The plaintiff had an income for each of the three years of which it complains of less than $10,000 and hence was not affected by the provisions of the Act of 1927 which gave no credit to persons receiving more than $10,000. No one would question that the legislature had the right under a statute otherwise constitutional to fix the deduction at $3,000 rather than at $5,000 if it had so chosen, as it did. The part of the statute that gave exemptions only to persons receiving under $10,000 is an independent precept and the failure to exempt persons receiving more than $10,000 is not interrelated or dependent upon the fact that persons receiving less than $10,000 have an exemption. A person who is receiving less than $10,000 is not injured other than by the reduction of his exemption from $5,000 under the 1925 Act to $3,000 under the present law. Unquestionably the plaintiff might be benefited by the act being declared unconstitutional, but so far he is only in the position of having $3,000 allowed rather than $5.000. An entity receiving more than $10,000 would suffer the real injury, if any. It might easily happen that persons receiving more than $10,000 will never attack the statute because the act might be repealed or amended before they could be affected by it. Therefore, we feel bound to hold that the plaintiff was not affected by the legal provision and hence had no standing in court to attack the validity of the statute. *Hatch* v. *Reardon*, 204 U. S. 152, 160; *Dillingham* v. *McLaughlin*, 264 U. S. 370; *Roberts & Schaeffer* v. *Emerson*, 271 U. S. 50, 55; *Standard Stock Food Co.* v. *Wright*,

225 U. S. 540, 550; *Southern Railway Co.* v. *King*, 217 U. S. 524, 534; Cooley on Taxation, Vol. 1, sec. 367; see note in 19 Amer. & Eng. Annotated Cases, 175, and cases cited therein.

"The judgment should be reversed."

If we were only concerned with the fifth cause of action, wherein the income did not exceed $10,000, applying the rule established, the judgment appealed from should be reversed, as the Treasurer granted the exemption of $3,000.

But in the second, third, and fourth causes of action the income exceeded $10,000—in the amount of $355.97 in the second, in $3,544.48 in the third, and in $1,454.97 in the fourth—and the Treasurer, in accordance with the express provisions of the law, refused all exemptions, a fact which inevitably leads us to decide the issue.

The case of *Domenech* v. *Havemeyer*, 49 F. (2) 849, in which the District Court relied to declare the unconstitutionality, was followed by this Court in deciding *Loíza Sugar Co.* v. *Domenech, Treasurer*, 43 P.R.R. 855, in the terms stated in the opinion of this Court, also delivered by Mr. Justice Wolf, as follows:

"Subsequently to the filing of the brief by the appellant, the U. S. Circuit Court of Appeals for the First Circuit decided that section 17 of the act which fixed the amount of the excess income tax, was unconstitutional for not being uniform. The court, in *Domenech* v. *Havemeyer*, 49 F. (2) 849, 852, said:

" 'The taxes now sought to be recovered in all three suits are largely excess profits taxes. We think them condemned by section 2 of the Organic Act (39 Stat. 952 . . .), which requires the Legislature of Puerto Rico to make its taxes uniform.

" 'But this Act No. 43 of 1921, in section 17 (3), entitled "Excess Profits Taxes", provides that: "In addition to the normal tax there shall be levied . . . on the net income exceeding $10,000 . . . an excess profits tax in the manner following: When the proportion between the net income and the capital invested is less than 15 por cent, 5 per cent on the net income exceeding 10 per cent of the capital invested in the taxable year." There follow, under section 17 (3), ten paragraphs dealing with the profits above 10 per cent on the capital invested, in each case providing for taxes at a higher

rate on the entire excess above the 10 per cent. It follows that a taxpayer whose net income was slightly below—say 20 per cent on the capital invested—would be taxed on his whole net income above 10 per cent at only 5½ per cent; while a taxpayer whose income was slightly above 20 per cent would be taxed 6 per cent on his entire net income above 10 per cent on the capital invested. In other words, a very slight difference in the net income taxpayer would result in a substantial increase in the rate of taxation to which the bulk of his income would be subject. The higher rate (surtax) is not limited, in its incidence, to the amount in excess of the percentage at which the higher rate begins, as in the federal tax law. Compare Act of October 3, 1917, sec. 2 (40 Stat. 300, 301), and Revenue Act of 1918, sec. 211 (a), 40 Stat. 1062. This cannot be sustained.'

"The appellant obtained leave of this Court to file an additional brief. The brief was filed and the government has not answered it. The reasoning of the Circuit Court leaves us no doubt that the excess profits tax was in fact unconstitutional."

In consequence, if the discrimination against the tax-payers in Section 17 of Act No. 43 of 1921 (p. 312), was the basis for declaring the unconstitutionality, as such discrimination is similar to the one appearing in Section 6 of Act No. 18 of 1927, it must also serve as a basis for declaring its unconstitutionality.

Now, should that declaration be limited to that part of the act which actually involves a discrimination, or should it be made in general terms as was done by the district court, in such a way that the amendment being void, the law attempted to be amended remains in full force?

In consequence, if the discrimination against the tax-ive manner, in harmony with the reasoning stated in the opinion rendered in the case of *F. Febles & Co.* v. *Sancho Bonet, Treasurer, supra,* which we have quoted. It being so, plaintiff is not entitled to the exemption of $5,000 which it claims, but to that of $3,000 fixed by Section 6 of Act No. 18 of 1927 in its constitutional part.

By virtue of this construction, strength is given to the legislative will in regard to the reduction of the exemption from $5,000 to $3,000 (*F. Febles & Co.* v. *Sancho Bonet,*

*Treasurer, supra,* p. 744) and a uniform exemption is granted to all: to those taxpayers whose income does not exceed $10,000 as well as to those whose income exceeds said amount, the discrimination being done away with, and the law remaining as if it had been drawn in the manner pointed out by the trial court itself in order that it would be constitutional, that is, an exemption of $3,000 on the first $10,000 in all cases.

■ As regards the contention that the constitutional issue raised in the district court had not been previously stated before the Board of Review and Equalization, it may be answered with what was stated at the end of the other decision of this Court from which we quote at length, to wit, *Loíza Sugar Co.* v. *Domenech, Treasurer, supra.* It reads:

"The appellant spent a considerable part of its brief in attempting to show that this Court might take notice of the unconstitutionality of the act despite the omission to allege the unconstitutionality of the act in the original brief. A question of the assignment of errors is clearly within the discretion of the court. The jurisprudence cited by the appellant is also clear that no action should be taken to support rights claimed under an unconstitutional statute. The matter is likewise covered by our own special statute, which reads:

" 'Section 1.—That the Supreme Court of Puerto Rico shall hereafter be a court of appeals and not a court of cassation. In its deliberations and decisions, in all cases, civil or criminal, said court shall not be confined to the errors in proceeding (procedure) or of law only, as they are pointed out, alleged or saved by the respective parties to the suit, or as set forth in their brief and exceptions, but in furtherance of justice, the court may also take cognizance of all the facts and proceedings in the case as they appear in the record, and likewise consider the merits thereof, so as to promote justice and right and to prevent injustice and delay.' (Comp. Stat. 1911, Sec. 1141.)"

For the foregoing reasons, the judgment appealed from should be modified in the sense of declaring Section 6 of Act No. 18 of 1927 unconstitutional only in so far as it does not grant any credit in the cases where the net income exceeds

$10,000, the case to be returned to the Treasurer in order that he may make a new liquidation, taking as a basis an exemption of $3,000 instead of an exemption of $5,000, and as modified, said judgment is affirmed.

Mr. Justice Travieso and Mr. Justice De Jesús took no part in the decision of this case.