THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. EDWARD LANDECKER, PLAINTIFF IN ERROR.

Submitted June 6, 1924—Decided October 20, 1924.

1. On the trial of an indictment for violation of the provisions of chapter 284 of the laws of 1908 (*Pamph. L., p.* 587), which prohibits the giving, offering or promising to an agent, employe or servant, any gift or gratuity, without the knowledge or consent of his principal, employer or master, with intent to influence his actions in relation to his principal's, employer's or master's business, the test is whether the person who gives, offers or promises a gift or gratuity does so with the intent denounced by the statute; and where that appears, it is quite immaterial whether its successful accomplishment will or will not be injurious to the business of the employer.

2. Where a series of crimes are committed by a person for the accomplishment of a single ultimate purpose, and such purpose is manifestly the sole inducing cause of the commission of each separate crime, evidence of the commission of a separate crime is competent as showing a state of mind carried forward and exhibited in the criminal act under investigation.

3. The misstatement by the trial court in his charge to the jury of the date of the enactment of the statute, for violation of which the defendant is being tried, affords no ground for the reversal of a conviction.

4. Where the record in a criminal case does not disclose the alleged error upon which a motion in arrest of judgment is based, the motion should be denied.

On error to the Hudson County Court of Oyer and Terminer.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff in error, *Alexander Simpson.*

For the state, *John Milton,* prosecutor of the pleas, and *Aloysius McMahon,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The indictment now before us charged the plaintiff in error with having, on the 1st day of June, 1922, corruptly offered and paid to one LaValle, an employe of the Richards Chemical Works, Incorporated, the sum of $100, with intent to procure from him secret formulæ used by his employer in the manufacturing of preparations used in the finishing of silk goods, in violation of the statute of the state which makes such act a misdemeanor. *Pamph. L.* 1908, *p.* 587. The trial of the indictment resulted in the conviction of the plaintiff in error, and he now seeks to have that conviction reversed.

The first ground upon which we are asked to set the conviction aside is, that the trial court should have directed a verdict of acquittal at the close of the state's case. The ground upon which counsel rested his motion to direct was that there was no evidence in the case to show that the Richards Chemical Works, the employer of Landecker, was in-jured by the act of the defendant, in that, in order to justify a conviction, the burden rested upon the state to prove, not only the obtaining or attempting to obtain the secret formulæ, by the defendant, but that the selling of them by the man LaValle was harmful to the company. The answer to this contention, as we see it, is that the legislature has placed no such limitation upon the fact of criminality. The statute declares under the caption "Corrupt influencing of agents,

employes or servants," that "whoever gives, offers or promises to an agent, employe or servant any gift or gratuity whatever, without the knowledge and consent of the principal, employer or master of such agent, employe or servant, with intent to influence his action in relation to his principal's, employer's or master's business," shall be guilty of a misdemeanor. The test is whether the person who gives, offers or promises the gift or gratuity does so with the intent denounced by the statute. Where that intent appears, it is quite immaterial whether its successful carrying out will be injurious to the business of the employer or not. The legislative purpose, as declared in the caption, is to punish attempts to corruptly influence agents, employes or servants with relation to the matters indicated in the body of the act; and proof that such attempt has been made is proof that the statutory provision has been violated.

It is next argued that the trial court erred in permitting the defendant on his cross-examination to be asked whether, after he had obtained these formulæ from LaValle, a fact which he had admitted on his direct examination, he did not undertake to dispose of them to the Lyons Dye Company, a concern with which he was then associated and which was engaged in the business of dyeing and finishing silks. We are told that the cross-examination was improper because the matter sought by the questions was incompetent, immaterial and irrelevant. We think the questions asked were not objectionable for any of these reasons; for, if they had been answered in the affirmative, such answers would have necessarily thrown light upon the motive which induced the defendant corruptly to seek to obtain the formulæ from La-Valle; assuming, as the state claimed, that he was guilty of this corrupt act.

The next point argued is that the court erroneously permitted the defendant to be asked questions tending to show that before he obtained these formulæ from LaValle he sought to obtain them from one Farley, another employe of the Richards Chemical Works. We are told that this was legally erroneous because the state by these questions attempted to

prove the commission of an independent crime by the defendant. This is true, but the fact did not make the testimony incompetent. As was pointed out in *State* v. *Deliso,* 75 *N. J. L.* 808, 816, 817, where the prior crime evidences a state of mind shown to have been carried forward and exhibited in the criminal act under investigation, and so nearly related in time, place and circumstances, that the mental state involved is practically continuous, such evidence is competent. Where a series of crimes are committed for the accomplishment of a single ultimate purpose, and that purpose is manifestly the sole inducing cause of the commission of each separate crime, the rule applied in the case just cited makes proof of these separate crimes competent evidence.

Next, it is contended that there was harmful error in the action of the court permitting Farley, the employe just referred to, to testify as to the attempt of the defendant to induce him to sell to the former these secret formulæ. It is urged that this testimony was on a collateral matter, not brought out on the direct examination of the defendant, and that the state, having seen fit to cross-examine the defendant with relation to his alleged attempt to corrupt Farley, and the defendant having denied the fact, was bound by his answer and could not offer in rebuttal testimony to impeach his credibility or to destroy the value of his evidence. If the purpose of Farley's cross-examination had been merely to impeach the credibility of the defendant, the contention would be sound. But there was a further purpose, and that was to prove by affirmative evidence an earlier corrupt attempt by the defendant to obtain possession of these secret formulæ. For the latter purpose this testimony was competent, for the reason already indicated, notwithstanding that it was contradictory of the statement made by the defendant on his cross-examination. The fact that the state was permitted to put this evidence in after the defense had rested, instead of calling the witness in its opening case, was a matter entirely within the discretion of the trial court (*Hustis* v. *Banister Co.,* 63 *N. J. L.* 465; *Foley* v. *Brunswick Traction Co.,* 69 *Id.* 481) ; and there is no contention

on the part of counsel for the defendant that this discretion was abused or was harmful to his client, or that there should be a reversal for this reason.

Next, it is argued that the trial court specifically charged the jury that the defendant stood charged in the indictment with the crime of violating chapter 145 of the laws of the year 1922, which is a re-enactment of the statute of 1908, with certain additions thereto, whereas, in fact, the statute referred to did not become effective until the 4th of July following the commission of the offense charged in the indictment; and that, therefore, the verdict of the jury was based upon the violation of a statutory provision which was not in existence at the time of the alleged criminal act. That the trial court so stated in its charge to the jury is conceded by the state, and it is also conceded that the statute referred to had not at the time of the commission of the alleged offense gone into effect. But, in our view, the erroneous statement of the court was not harmful to the defendant. The indictment itself contained no reference to the act of 1922. On the contrary, as has already been mentioned, it charged a violation of a statutory provision in existence at the time when the offense was committed, namely, the act of April 15th, 1908. *Pamph. L.* 1908, *p.* 587. In elaborating upon the statutory provision upon which the indictment was founded, the court recited to the jury the very words of the statute of 1908, so that the members of that body thoroughly understood what the provision of the law was as it existed at the time of the commission of the crime. Under these circumstances, the mere misstatement of the date of the enactment of the statute upon which the indictment was based will not justify a reversal. The case comes up under the broad review provided by the one hundred and thirty-sixth section of the Criminal Procedure act, and we are not permitted, by the express limitation of that section, to reverse a conviction when so brought before us for review unless we are satisfied that the defendant has suffered manifest wrong or injury by the error of the trial judge.

The last ground upon which we are asked to reverse is that the court improperly refused a motion in arrest of judgment, which counsel rested upon the assertion that the offense charged against the defendant had been committed "anterior to the passage of the act under which sentence was imposed." It is conceded by counsel that a motion to arrest judgment must be determined solely by the record; but he asserts before us that the record sent up in the present case exhibits upon its face the fundamental fact upon which this motion was rested. In this, however, he is in error. The term "record," using it in its proper sense, imports the history of only those proceedings which take place in the orderly progress of a cause, and which the law requires to be perpetuated. *State* v. *Crusius,* 57 *N. J. L.* 279. It does not include a history of the proceedings at the trial, except the general statement that a jury was impaneled; that evidence was submitted by both parties; that thereafter the arguments of the respective counsel were heard; that the issue, after a charge by the court, was submitted to the jury; that the jury rendered its verdict, either acquitting or convicting the defendant of the crime charged against him in the indictment; and that, in case of a verdict of guilty, the court thereupon pronounced sentence. The record now before us is in the form above indicated, and there is nothing contained in it which even suggests that the charge upon which the defendant was convicted was based upon a statute not in effect at the time of the commission of the act which was the subject of the indictment; or that sentence was imposed under such an act.

The judgment under review will be affirmed.