Argued March 1, affirmed March 26, 1973

STATE OF OREGON, *Appellant, v.* WAYNE
ALLAN STAHLEY (No. 79489), *Respondent.*

507 P2d 1159

*Thomas H. Denney,* Assistant Attorney General,
Salem, argued the cause for appellant. With him on
the brief were Lee Johnson, Attorney General, and
John W. Osburn, Solicitor General, Salem.

*Patrick D. Gilroy,* Oregon City, argued the cause
for respondent. With him on the brief was William E.
Schumaker, Oregon City.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

*State v. Stahley* was previously before this court, 7 Or App 464, 492 P2d 295 (1971), on appeal by the state from an order suppressing evidence. The trial court had ruled that a district court suppression order was res judicata and binding on the circuit court. We reversed and remanded to give the circuit court an opportunity to make an independent determination as to the merits of the motion to suppress. Thereafter, the circuit court in that case allowed the motion to suppress and dismissed the indictment. The state did not appeal as authorized by ORS 138.060 (4)① but, instead, defendant was reindicted for the possession of the same marihuana in violation of former ORS 474.020. On the state's pretrial motion for a ruling on the admissibility of evidence under the new indictment, the trial court again ordered the evidence suppressed on grounds which included res judicata. The state appeals pursuant to ORS 138.060 (4).①

██ Defendant urges that the trial court's ruling suppressing the evidence under the first indictment from which the state did not appeal is res judicata. We agree. The doctrine of res judicata is applicable in criminal cases. ORS 43.160; 136.510; *State v. Dewey,* 206 Or 496, 292 P2d 799 (1956).

---

① ORS 138.060 (4) reads:

"The state may take an appeal to the Court of Appeals from:

"* * * * *

"(4) An order made prior to trial suppressing evidence."

The test, set out in *Sibold v. Sibold,* 217 Or 27, 32-33, 340 P2d 974 (1959), is as follows:

"\* \* \* Was opportunity given for consideration on the merits and was the matter so considered? Was there an appealable ruling? Was the issue disposed of on its merits? If so, the issue is res judicata. \* \* \*"

The answer to each of these questions in this case is affirmative, and the issue thus is res judicata.

Affirmed.