Argued May 22, affirmed June 18, 1973

STATE OF OREGON, *Appellant, v.* CHARLES
EDWARD BROWNLEE (No. C 72-05-1677 Cr),
*Respondent.*

510 P2d 1340

*John W. Osburn,* Solicitor General, Salem, argued
the cause for appellant. With him on the briefs was
Lee Johnson, Attorney General, Salem.

*J. Marvin Kuhn,* Deputy Public Defender, Salem,
argued the cause for respondent. With him on the
brief was Gary D. Babcock, Public Defender, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Defendant was taken into custody by Multnomah County law enforcement officials on June 13, 1972, pursuant to a robbery information. Not until 34 days later was he arraigned on the charge against him.[1] Defendant moved to dismiss the indictment because he had not previously been brought before a magistrate as directed by ORS 133.550.[2] After a hearing on the motion, an order dismissing the indictment and prosecution was entered by the Multnomah County Circuit Court on July 27, 1972. No reasons are recited in the court's order as the basis for dismissal except "that the ends of justice will be best served thereby."

■ ORS 134.150 authorizes the court on its own motion, "in furtherance of justice," to dismiss an indictment. The statute further recites that "the reasons of the dismissal shall be set forth in the order * * *." This statute, we hold, gave the court jurisdiction to dismiss the indictment, from which dismissal order an appeal would lie, even though the order was irregular in that the reasons for the dismissal were not set forth.

■ The state filed a timely appeal from the order to this court. Thereafter, while the appeal was pending, another indictment based upon the same facts and charging the same crime was returned by the Multnomah County Grand Jury. The state then moved to dis-

---

[1] An indictment charging the robbery was returned by the grand jury on July 13, 1972.

[2] ORS 133.550 provides:

"The defendant shall in all cases be taken before the magistrate without delay."

miss its appeal upon the first indictment and an order dismissing that appeal was entered by this court on November 30, 1972. The defendant then moved to dismiss the new indictment. The Circuit Court of Multnomah County, acting through another judge, allowed the motion and dismissed the indictment on the basis that the original dismissal by the other judge was proper and was with prejudice to the bringing of another indictment based on the same facts. The state now appeals this latter order. The defendant contends that the court had the inherent power to dismiss the indictment because of the delay in bringing him before a magistrate.

We affirm, but we do not reach the issue urged by the parties here. ORS 138.060 provides:

"The state may take an appeal to the Court of Appeals from:

"(1) An order made prior to trial dismissing the indictment;

"* * * * * *"

The state took such an appeal from the original dismissal order.[9]

---

[9] While we are here dealing with an order rather than a judgment, in Oregon it has been held since 1873 that dismissal of an appeal operates as an affirmance of the judgment appealed from. Simpson v. Prather, 5 Or 86 (1873). This appears to be the general rule.

"The dismissal of an appeal or error proceeding, as a general rule, vacates the proceeding and leaves the decree of the subordinate court in full force. Dismissal has been said to amount, in effect, to an affirmance.[5] * * *

"[6] * * * * * *

"The unqualified dismissal of an appeal makes the judgment or order appealed from final as between the parties and res judicata, unless the appellant obtains an order setting aside the dismissal and reinstating the appeal. Rowland v. Kreyenhagen, 24 Cal 52." 5 Am Jur 2d 358, Appeal and Error § 930.

The second indictment was, in effect, an effort to obviate the ruling which was the subject of the first appeal.[4] In *State v. Stahley,* 12 Or App 579, 507 P2d 1159 (1973), we held that the failure to appeal a suppression order rendered the matter res judicata where the state, rather than appeal the suppression order, attempted to proceed under a new indictment charging possession of the same marihuana which had been the subject of the suppression order. *Stahley* is controlling here.

Affirmed.

---

[4] The second judge, in effect, simply affirmed the order made by the first judge.