STATE of Iowa, Appellant,

v.

Glenn BOOKS, Appellee.

No. 57329.

Supreme Court of Iowa.

Jan. 22, 1975.

Rehearing Denied March 14, 1975.

Richard C. Turner, Atty. Gen., and William R. Stengel, Jr., Asst. Atty. Gen., for appellant.

Johnson, Burnquist, Erb, Latham & Gibb, Fort Dodge, for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

In this case, defendant was charged by indictment with having violated § 741.1, The Code, by giving gifts and gratuities to a Sac County employee in connection with the sale of chemicals and supplies to the county.

Defendant demurred to the indictment on the ground the statute denied him equal protection of the law in violation of the 14th Amendment to the Constitution of the United States because it excepts from its provisions officials and employees of the State while including all other public officials and employees. Defendant claims this is an arbitrary and capricious classification, bearing no rational relationship to a legitimate governmental interest.

The trial court found the statute to be unconstitutional as violative of both the 14th Amendment to the United States Constitution and Article I, section 6 of the Constitution of the State of Iowa. We have said these two set out substantially the same safeguards. Keasling v. Thompson, 217 N.W.2d 687, 689 (Iowa 1974). We therefore need not treat them separately.

While we partially agree with the trial court's conclusion, we find the court erred in sustaining defendant's demurrer. For the reasons hereafter stated, we reverse and remand for further proceedings as directed herein.

Although Chapter 741, The Code, was first enacted in 1907, it was not before this court until State v. Prybil, 211 N.W.2d 308 (Iowa 1973), where we traced the history and purposes of such legislation and discussed its relationship to both Chapter 68B and Chapter 739, The Code, which also bear on the conduct of public officials and employees. That analysis is pertinent here, too. We set out § 741.1 in full:

"It shall be unlawful for any agent, representative, or employee, officer or any agent of a private corporation, or a public officer, acting in behalf of a principal in any business transaction, to receive, for his own use, directly or indirectly, any gift, commission, discount, bonus, or gratuity connected with, relating to, or growing out of such business transaction; and it shall be likewise unlawful for any person, whether acting in his own behalf or in behalf of any copartnership, association, or corporation, to offer, promise, or give directly or indirectly any such gift, commission, discount, bonus, or gratuity.

"*The provisions of this section shall not be construed to apply to officials or employees of the state of Iowa nor to legislators or legislative employees.*" (Emphasis added.)

In 1967 the statute was amended by adding the italicized portion exempting state personnel from its ambit. The same legislature (The 62nd General Assembly) enacted a new Iowa Public Officials Act (Chapter 68B) to take effect the same time as the amendment to § 741.1. One section of that chapter, § 68B.5, relates to the acceptance of any gift by State officers and employees (with several exceptions not material here) if the value of the gratuity exceeds $25.00. Obviously, the enactment of Chapter 68B and the amendment to § 741.1, coinciding as they did in time, reflect a legislative intent to treat misconduct on the State level in Chapter 68B and misconduct on other governmental levels in Chapter 741. Parenthetically we mention

the latter statute extends to private as well as public employees. See State v. Prybil, supra, 211 N.W.2d at 311. However, our consideration is limited to the latter in the case now before us. It is important to note that the two sections deal with *similar* but not *identical* conduct. One (§ 741.1) makes it a crime to accept any gift or gratuity given in connection with a business transaction. Section 68B.5 prohibits both the giving or acceptance of a gift having a value of more than $25.00 *under any circumstances* with the two exceptions already noted as being unimportant to the present case.

The effect of this legislative scheme is to punish as a crime certain conduct on the part of all public officials and employees except those who work for the State. When the prohibited conduct is committed by them, it loses all criminal character. Chapter 68B does not remedy this inequality because, as already pointed out, that statute is directed toward different conduct. We therefore must consider the constitutional impact of § 741.1 without reference to § 68B.5.

In State v. Prybil, supra, 211 N.W.2d at 311, we said § 741.1 "fits in the scheme of statutes prohibiting public officer corruption." We quoted with approval statements from other courts holding the purpose of such legislation is "to prohibit agents from considering their own personal welfare by making contracts favorable to themselves rather than their employers" and that "secret commissions are to be condemned because they prompt a servant to betray his master, and thus prejudice the master's interests in consideration of pay received from others". Viewed in this framework, is § 741.1 unconstitutional because it treats state officers and employees different than others; and, if so, does that render the statute invalid in its entirety?

■ Equal protection does not mean everyone must be treated alike. It means only that in classifying persons for different treatment the legislature must make the distinctions reasonable and relevant to the purposes to be accomplished. Keasling v. Thompson, 217 N.W.2d 687, 690 (Iowa 1974); Lunday v. Vogelmann, 213 N.W.2d 904, 907 (Iowa 1973); Cedar Memorial Park Cemetery Association v. Personnel Associates, Incorporated, 178 N.W.2d 343, 350 (Iowa 1970).

■ In considering this matter we accord the statute a strong presumption of constitutionality. Keasling v. Thompson, supra, 217 N.W.2d at 689; State v. Kueny, 215 N.W.2d 215, 216, 217 (Iowa 1974); Lee Enterprises, Inc. v. Iowa State Tax Commission, 162 N.W.2d 730, 737 (Iowa 1968) and Graham v. Worthington, 259 Iowa 845, 850, 146 N.W.2d 626, 631 (1966). See also State v. Kappos, 189 N.W.2d 563, 564 (Iowa 1971) and Brightman v. Civil Service Commission, 204 N.W.2d 588, 591 (Iowa 1973).

■ Having reviewed the statute with these principles in mind, we nevertheless conclude the 1967 amendment to § 741.1 created an unconstitutional classification which denies defendant equal protection of the laws. We confess our inability to see why conduct considered criminal when committed by some public employees becomes innocent when committed by others. Apparently the legislature recognized this and attempted to establish constitutional equality by the enactment of § 68B.5. However, because of significant differences in the conduct proscribed by the two sections, this effort must be termed a failure. The distinction is an arbitrary one, bearing no rational relationship to the object and purposes of the statute.

While not directly in point, what we said in Dunahoo v. Huber, 185 Iowa 753, 756, 171 N.W. 123, 124 (1919) is interesting. In commenting on our anti-tipping statute which made it a crime for employees, but not employers, to accept or solicit gratuities, we said:

"There can be no controversy but that employers and employes may be divided into separate classes for the purpose of

legislation on many subjects, but where the evil to be remedied relates to members of one class quite as well as to another, and is quite as obnoxious to good morals, such a classification would be unwarranted. The [equal protection] section of the constitution quoted exacts that the General Assembly shall not grant any class of citizens privileges and immunities which upon the same terms, shall not equally belong to all citizens; and this necessarily includes any class into which the citizens may be divided. * * * We are unable to discover any reasonable ground for saying that employers as a class may accept tips or gratuities, and employes may not, especially in those vocations where they are engaged in the same identical work."

That comment is peculiarly applicable to the classification created by the exemption of State employees from § 741.1. The conduct prohibited by that statute is just as offensive to good morals when committed by State employees as when committed by those working for other governmental units or agencies.

There is no reasonable basis for such a distinction and we agree with the trial court that the statute denies this defendant equal protection of the laws by making certain conduct on his part a crime when the same conduct by others is not.

Before leaving this matter, we should comment on the State's argument there are valid reasons for treating legislators and legislative employees in a class separate and apart from others. This may well be true, and we make no pronouncement on that issue because it is not the question before us. The excluded class is not limited to legislators; it includes *all* state employees. That is the classification we strike down.

One other point deserves mention. We recognize the effect of this opinion is to make state employees subject to both § 741.1 and § 68B.5, a matter concerning which the legislature might desire to take corrective action.

■ Up to this point we agree with the trial court's conclusions. However, we do not agree § 741.1 is thereby rendered invalid in its entirety. We hold, on the other hand, the offending portion added to the statute by the 1967 amendment is severable and may be ruled unconstitutional without affecting the remainder of that statute. It is a recognized principle that the objectionable part of a statute may alone be voided when the remaining portion is complete and enforceable by itself and when it appears the legislature intended the remainder to stand even if a part was invalidated.

■ Of course, where there is a severability clause in the statute itself the presumption is inescapable that this was the legislative intent. When there is no such clause, the presumption is that the statute was meant to stand or fall in its entirety. 16 Am.Jur.2d Constitutional Law § 188 (1964); 2 Sutherland Statutory Construction (Sands 1973) § 44.01, § 44.04; Frost v. State, 172 N.W.2d 575, 586 (Iowa 1969); Smith v. Thompson, 219 Iowa 888, 895, 258 N.W. 190, 194 (1934). In all cases, the determining factor is legislative intent.

■ In the present appeal, there is another interpretive rule which applies. When a statute is amended and only the amendment is constitutionally defective, the amendment is stricken while the statute as originally enacted remains unaffected. 16 Am.Jur.2d Constitutional Law § 184, page 413 (1964); San Ann Tobacco Co. v. Hann (1968), 283 Ala. 397, 217 So.2d 803, 810; In re Opinion of the Justices (1929), 269 Mass. 611, 168 N.E. 536, 537, 538; State v. Wannamaker (1966), 248 S.C. 421, 150 S.E.2d 607, 609, 610; Annot. 66 A.L.R. 1483 (1930); cf. Childs v. Shower, 18 Iowa 261, 271, 272 (1865).

We conclude this statute falls within the rule that only the amendment exempting State officers and employees from the operation of the law is invalid. The remainder of the statute as originally enacted is separable, valid, and enforcible.

Not only is this conclusion supported by the above rule, it also reflects the obvious intent of the legislature. As originally enacted, the statute stood as part of our law for 60 years prior to the 1967 amendment. If we were to invalidate all of § 741.1, we would leave the State without *any* regulation of the conduct which that section has so long prohibited. It is inconceivable the legislature intended any such result. In Frost v. State, supra, 172 N.W.2d at 586 we said:

> "Courts have a duty to sustain as much of a legislative enactment as possible if the good is separable from the bad. If it appears the legislature probably would not have enacted the law at all if the invalid part had been eliminated, then the whole act must fall."

In this case, the history of this legislation leads to the inescapable view that the legislature intended § 741.1 to stand, whether or not the 1967 amendment was valid.

We hold the 1967 amendment is unconstitutional as creating an arbitrary classification unrelated to the object and purpose of the statute in violation of the 14th Amendment to the United States Constitution and Article I, § 6 of the Iowa Constitution. We hold further the remainder of § 741.1, being all except the last paragraph which exempts State officers and employees from its operation, is valid and enforcible.

Since defendant comes within the terms of the valid portion of the statute, we hold the trial court was wrong in sustaining his demurrer to the indictment. The cause is therefore affirmed in part, reversed in part, and remanded for trial or other appropriate proceedings.

Affirmed in part, reversed in part, and remanded.