STATE of Iowa, Appellant,

v.

Jess WHITE, Appellee.

No. 57565.

Supreme Court of Iowa.

Oct. 15, 1975.

Richard C. Turner, Atty. Gen., William R. Stengel and John D. Hudson, Asst. Attys. Gen., for appellant.

Dickinson, Throckmorton, Parker, Mannheimer & Raife, by Michael J. Galligan and Richard A. Malm, Des Moines, for appellee.

RAWLINGS, Justice.

By county attorney's information Jess White was charged with unlawful gift-giving. Trial court sustained defendant's "motion to quash" and thereupon entered a dismissal. State appeals. We reverse.

In material part, this is the instantly involved information:

"[T]he said Jess White, on or about the 1st day of August, A.D., 1973, in the County of Warren and State of Iowa, did offer and give one camping lantern to Bob Campbell, Warren County Assistant Shop Superintendent, as a gift and gratuity for ordering certain chemicals for Warren County, from Jess White, a salesman for Share Corporation, in violation of Section 741.1, 1973 Code of Iowa."

Subsequent to the filing of said charge White unsuccessfully challenged same by demurrer and amendment thereto. He also entered the aforesaid "motion to quash" thereby asserting, in substance (1) vagueness of Code § 741.1 and (2) it embodies a constitutionally proscribed arbitrary classification thus denying him equal protection of law. This motion was sustained on the ground last above urged. As previously indicated, such points up the only issue here raised by State on its appeal.

■ I. Before reaching the question so posed we must consider an ancillary problem here presented by defendant.

Absent a cross-appeal White attacks trial court's order overruling the above noted demurrer. More specifically, he maintains it should have been sustained because "the information and attached minutes did not allege that the alleged gift was given to a 'public officer' as is required for violation of Section 741.1, Code of Iowa".

At the outset it is questionable whether such issue is properly before us for review since State's appeal is confined, as aforesaid, to propriety of trial court's order sustaining defendant's "motion to quash". See *State v. Chadroff,* 234 So.2d 412, 415 (Fla. App.1970); *State v. McKinney,* 212 So.2d 761 (Fla.App.1968); *State v. McInnes,* 133 So.2d 581, 583 (Fla.App.1961). See also *Deaver v. Armstrong Rubber Co.,* 170 N.W.2d 455, 465 (Iowa 1969); *People v. Carriger,* 37 Mich.App. 605, 195 N.W.2d 25, 28–29 (1972). Compare 24 C.J.S. Criminal Law § 1632 with 5 C.J.S. Appeal and Error § 1498 and 5 Am.Jur.2d, Appeal and Error, §§ 707–708.

We need not, however, resolve the above procedural question at this time. Assuming, arguendo, the foregoing "public officer" issue is properly raised for appellate determination, it must be resolved adverse to defendant White. See *State v. Prybil,* 211 N.W.2d 308, 311 (Iowa 1973), cited in *State v. Books,* 225 N.W.2d 322, 323–324 (Iowa 1975).

Furthermore, defendant's attempt to buttress his demurrer by reference to minutes attached to the information was a futile gesture. See *State v. Batchelor,* 180 N.W.2d 457, 458–459 (Iowa 1970).

No error attended the overruling of defendant's demurrer.

II. As a preface to further consideration of this case it is to be understood defendant's aforesaid "motion to quash" will be here treated as a demurrer. See *State v. Berenger,* 161 N.W.2d 798, 800 (Iowa 1968); Code §§ 777.1–777.2.

■ III. State's sole contention in support of a reversal is, as aforesaid, to the effect trial court erred in adjudging § 741.1 unconstitutional on the ground "it is in violation of the equal protection clause of the United States Constitution, to-wit, Amendment 14, and of the Constitution of the State of Iowa, to-wit, Article I, Section 6."

We also resolved this matter contrary to trial court's determination in *State v. Books, supra.* Moreover, by our holding in the cited case the arbitrary classification to which White alludes was eliminated by excision of the offending last paragraph of Code § 741.1. Thereupon the remainder of said statute was held to be valid and enforceable.

■ IV. Admittedly, trial court's above noted order preceded *Books.* Upon this premise White contends a retroactive application, as to him, of our holding in *Books* is constitutionally proscribed.

More specifically defendant asserts:

"Jess White had a valid defense based on the Iowa and United States Constitution equal protection clauses. Under *Books* he has been stripped of that defense. Persons previously declared exempt by the legislature cannot now be prosecuted because of *Books.* Jess White is therefore entitled to the same protection, and to deny him the same exemption is discrimination barred by the United States and Iowa Constitutions, and * *

is a judicial gloss creating an *ex post facto* law."

At the outset White leans heavily on *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). But *Bouie* is clearly inapposite.

Significantly, in the cited case, acts committed by the accused parties were not illegal when done. Only by an unforeseeable judicial statutory *enlargement* did criminality attend the charged past conduct. This was held to constitute an impermissible *ex post facto* application of the law by judicial construction. *Id.* 378 U.S. at 353–355, 84 S.Ct. at 1702–1703.

Distinguishably, in the case now before this court the act allegedly committed by White was equally criminal both before and after our *Books'* decision.

Also wide of the mark are *United States v. Palladino,* 490 F.2d 499 (1st Cir. 1974) and *Talavera v. Wainwright,* 468 F.2d 1013 (5th Cir. 1972), cited by White in support of his stand.

Moreover, since *Books* did not make otherwise innocent conduct a criminal act, respectable authority supports us in holding the application thereof to the instant case does not offend those constitutional standards invoked by White.

First in play is *De Veau v. Braisted,* 363 U.S. 144, 160, 80 S.Ct. 1146, 1155, 4 L.Ed.2d 1109 (1960) where the court said:

"The mark of an *ex post facto* law is the imposition of what can fairly be designated punishment for past acts. The question in each case where unpleasant consequences are brought to bear upon an individual for prior conduct, is whether the legislative aim was to punish that individual for past activity, or whether the restriction of the individual comes about as a relevant incident to a regulation of a present situation, such as the proper qualifications for a profession."

See also *State v. Quanrude,* 222 N.W.2d 467, 470 (Iowa 1974); *State v. Wilson,* 193 Iowa 297, 299, 186 N.W. 886 (1922); 2 Sutherland, Statutory Construction, § 42.01 (Sands, rev. 3d ed. 1973); 16 Am.Jur.2d, Constitutional Law, § 396; 16A C.J.S. Constitutional Law § 435.

Briefly stated, White will not be denied a preexisting valid defense or substantively disadvantaged by applying *Books* to the case at bar. See generally *Linkletter v. Walker,* 381 U.S. 618, 628–629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601 (1965). See also *Great Northern Ry. Co. v. Sunburst Oil & Refining Co.,* 287 U.S. 358, 364–366, 53 S.Ct. 145, 148–149, 77 L.Ed. 360 (1932); *State v. Johnson,* 212 Iowa 1197, 1199–1200, 237 N.W. 522 (1931); *State v. Taggart,* 186 Iowa 247, 254–255, 172 N.W. 299 (1919).

In fact White's position is today the same as it would be had trial court appropriately overruled defendant's demurrer (motion to quash) upon the same rationale expressed in *Books.*

Despite defendant's request to the contrary, we adhere to our *Books'* decision and attendantly hold no constitutional *ex post facto* proscription is violated by application thereof to the instant case.

It therefore follows trial court erred in sustaining defendant's demurrer (motion to quash).

Consequently, this case must be reversed and remanded with instructions that the order from which appeal is here taken be set aside and for further appropriate proceedings. See *State v. Buckley,* 232 N.W.2d 266 (Iowa, August 1975), citing *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975) and *United States v. Jenkins,* 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975). See also § 777.8, The Code 1973.

Reversed and remanded with instructions.