STATE of Iowa, Plaintiff–Appellee,

v.

Calvin B. BRYANT, Defendant–Appellant.

No. 11–1309.

Court of Appeals of Iowa.

June 13, 2012.

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Stephen Holmes, County Attorney, and Travis S. Johnson, Assistant County Attorney, for appellee.

Considered by VAITHESWARAN, P.J., and TABOR and MULLINS, JJ.

MULLINS, J.

Calvin Bryant appeals his conviction for bribery in violation of Iowa Code section 722.1 (2009). Bryant argues: the district court erred in denying his motion to dismiss because the person he allegedly bribed does not fall under the terms of the bribery statute, the evidence was insufficient to support his conviction, and his counsel was ineffective for failing to challenge the bribery statute as void for vagueness. For the reasons stated herein, we affirm.

## I. Background Facts and Proceedings.

In January 2010, Bryant received a deferred judgment on a possession of marijuana charge. As a part of his judgment, Bryant was placed on probation to the Center for Creative Justice (CCJ) for a period not to exceed a year. The CCJ is a private, non-profit organization that provides adult probation supervision services in Story County. One of the conditions for his probation was for Bryant to "[c]ompletely abstain from the use of alcohol and controlled substances and shall submit to such testing as may be required to assure compliance with this condition."

On December 21, 2010, Bryant met with his probation officer at the CCJ, Michael Gluesing. According to Gluesing, when he

asked Bryant about his continued abstinence from controlled substance, Bryant denied any use. Gluesing then explained that Bryant was subject to testing per his probation terms and conditions. Bryant requested that he come back next week. Gluesing denied the request and maintained that Bryant submit to testing. Bryant continued to request that he come back next week stating he felt sick. Bryant then stated to Gluesing, "I will give you $100 if I don't have to do this today or if you can make it go away." Bryant eventually took the test and left the office. Gluesing reported the incident to the police.

On January 28, 2011, the State filed a trial information charging Bryant with bribery in violation of Iowa Code section 722.1, which provides:

> A person who offers, promises, or gives anything of value or any benefit to a person who is serving or has been elected, selected, appointed, employed, or otherwise engaged to serve in a public capacity, including a public officer or employee, a referee, juror, or jury panel member, or a witness in a judicial or arbitration hearing or any official inquiry, or a member of a board of arbitration, pursuant to an agreement or arrangement or with the understanding that the promise or thing of value or benefit will influence the act, vote, opinion, judgment, decision, or exercise of discretion of the person with respect to the person's services in that capacity commits a class "D" felony. In addition, a person convicted under this section is disqualified from holding public office under the laws of this state.

Bryant pled not guilty.

On March 31, 2011, Bryant filed a motion to dismiss the charge against him arguing that Gluesing did not fall under the terms of the bribery statute because he was not a "public officer or employee" since he was employed by the CCJ, a private entity. The State resisted the motion arguing the CCJ and Gluesing were "otherwise engaged to serve in a public capacity" since the court appointed the CCJ to serve as Bryant's probation agency pursuant to Iowa Code section 907.8.

The motion came to a hearing on April 4, 2011. On April 8, 2011, the district court denied the motion. After discussing the predecessor bribery statute under Chapter 739 (1975) and some early interpretative cases, the district court found the present bribery statutes under chapter 722 "now criminalize the bribery of a much wider class of persons than did the previous Chapter 739." The district court further discussed the statutes regarding probation, and found:

> [T]he statutory provisions of the 2009 Iowa Code suggest that a person, either individual or corporate, who has been assigned by the court to be a probation officer, is serving as a public officer or is at least engaged to serve in a public capacity, regardless of whether the probation officer is employed by the district department of correctional services or is another suitable person. The act of bribing such a person is indeed a crime.

Following the district court's ruling on the motion to dismiss, Bryant waived his right to a jury trial and submitted to a bench trial on the minutes of testimony. The district court found Bryant guilty. Bryant was sentenced to five years incarceration, but the sentenced was suspended and Bryant was placed on probation for one year. Bryant was also ordered to pay a fine of $750 plus a thirty-five percent surcharge, court costs, and attorney fees. Bryant appeals.

## II. Motion to Dismiss.

Bryant contends the district court erred in denying his motion to dis-

miss because the bribery statute only applies to public entities, not private entities like the CCJ. Alternatively, Bryant argues that even if the bribery statute is applicable to the CCJ, the CCJ and Gluesing were not "otherwise engaged to serve in a public capacity" as required by the bribery statute. We review the district court's ruling on a motion to dismiss as well as its interpretation of the bribery statute for correction of errors at law. *State v. Johnson*, 770 N.W.2d 814, 819 (Iowa 2009).

**A. Iowa Code section 722.1 and Private Entities.** Prior to the 1978 criminal code revision, Iowa Code Chapter 739 addressed bribery. Chapter 739 prohibited bribes to "public officers" including executive officers, judicial officers, and members of the general assembly, but not public employees. *See* Iowa Code § 739.1 (1977); *see also State v. Pinckney*, 276 N.W.2d 433, 435 (Iowa 1979) (noting section 739.1 applied to "public officers" but not public employees). It was also illegal to bribe jurors, arbitrators, umpires, referees, masters in chancery, appraisers of real or personal estate, auditors, sheriffs, marshals, police officers, and any state, county, township, city, school, or municipal officers. Iowa Code §§ 739.6, 739.9, 739.10.

However, when the revision occurred these sections from Chapter 739 were combined into section 722.1 and given a uniform penalty. *See* John P. Roehrick, *The New Iowa Criminal Code: A Comparison* 218–21 (1976); Kermit L. Dunahoo, *The New Iowa Criminal Code: Part II*, 29 Drake L.Rev. 491, 620 (1980). The new section 722.1 left the substantive law unchanged, but broadened the scope of persons that would fall under the statute. *Id.* The new language not only included "public employees," but also any "person who is . . . otherwise engaged to serve in a public capacity." Iowa Code § 722.1 (2011). The broadened scope of persons falling under

the statute coupled with the broad language prohibiting the offering or giving of "anything of value or any benefit" resulted in academics claiming that "Iowa continues to have 'very likely the strictest bribery statute in existence.'" Dunahoo, 29 Drake L.Rev. at 620 (quoting John Yeager & Richard Carlson, *Iowa Criminal Law and Procedure* § 481 (1979)).

 We believe this legislative history and the express language of the statute makes clear that the legislature did not intend to limit section 722.1 to only public entities. Rather, as long as a private entity is "otherwise engaged to serve in a public capacity," it falls within the terms of the statute. To interpret section 722.1 as narrowly as Bryant contends would be inconsistent with the bribery statute's clear purpose "to protect the public from the evil consequences of corruption in the public service." *Kemler v. United States*, 133 F.2d 235, 238 (1st Cir.1942).

**B. Otherwise Engaged to Serve in a Public Capacity.** Bryant further argues that even if private entities can be subject to the bribery statute in section 722.1, the CCJ and Gluesing were not "otherwise engaged to serve in a public capacity."

Even prior to the 1978 revision, our supreme court found that our legislature intended our bribery statutes to have the same scope, purpose, and effect as the federal bribery statute. *State v. Prybil*, 211 N.W.2d 308, 312 (Iowa 1973). Under the federal bribery statute, *see* 18 U.S.C. § 201, the United States Supreme Court has determined that directors of a private non-profit corporation can be "public officials" based on their relationship with the federal government. *Dixson v. United States*, 465 U.S. 482, 490–96, 104 S.Ct. 1172, 79 L.Ed.2d 458 (1984). The United States Supreme Court has said:

> To determine whether any particular individual falls within [the definition of

"public official"], the proper inquiry is not simply whether the person had signed a contract with the Unites States or agreed to serve as the Government's agent, but rather whether the person occupies a position of public trust with official federal responsibilities. Persons who hold such positions are public officials within the meaning of section 201 and liable for prosecution under the federal bribery statute.

*Id.* at 496, 104 S.Ct. 1172.

█ We find this reasoning to be persuasive in this case. The broad language of Iowa Code section 722.1 clearly indicates that when any person participates in performing an activity which he or she is legally authorized to undertake on behalf of the state, such as probation supervision services, he is "engaged to serve in a public capacity," even though his immediate employer may be a private company who contracts with the state. *See, e.g., Stanton v. State,* 130 P.3d 486, 493 (Wyo. 2006) (holding an employee at a privately-owned youth and family counseling agency that contracts with the State to provide case management for youth and families involved in the juvenile justice system was "public servant" under state bribery statute).

When a person is granted probation, they are "released by the court subject to supervision by a resident of this state or by the judicial district department of correctional services." Iowa Code § 907.1(4). The judicial district department may contract for those services necessary to provide a community-based correctional program, like probation services. *Id.* §§ 905.1(2), 905.2. "A person released on probation shall be assigned a probation officer." *Id.* § 907.8. It is the probation officer's role to "explain the[ ] conditions and regulations" the person will be required to observe, and to "supervise, as-sist, and counsel the person during the term of the person's probation." *Id.* A probation officer shall use all suitable methods "to aid and encourage the person to bring about improvements in the person's conduct and condition." *Id.* § 907.2. During probation, jurisdiction over the person remains with the district court. *Id.* § 907.8.

Here, the district court granted Bryant probation with supervision by the CCJ. *See id.* §§ 907.1(4), 907.8. Gluesing was assigned to serve as Bryant's probation officer. *Id.* The CCJ is a non-profit entity who contracts with the second judicial district department of correctional services in order to provide probation supervision services. *Id.* §§ 905.1(2), 905.2. Pursuant to the probation statutory scheme, we believe it is clear that Gluesing and the CCJ were in a position of trust with the court; thus, serving with responsibilities to state government. Therefore, the CCJ and Gluesing were "engaged to serve in a public capacity," and thus squarely fall within the scope of section 722.1.

### III. Sufficiency of the Evidence.

█ To the extent Bryant challenges the sufficiency of the evidence, he largely reargues his motion to dismiss. For the reasons stated above, these arguments are rejected. In addition, the evidence in the record shows that Bryant offered to give one hundred dollars to Gluesing, who was engaged to serve in a public capacity as his probation officer, with the understanding that the one hundred dollars would influence Gluesing to forego a requested drug test that was likely to incriminate Bryant and lead to the revocation of his probation. We find sufficient evidence supports the bribery conviction in this case.

### IV. Void for Vagueness.

█ Bryant also contends his trial counsel was ineffective for failing to chal-

lenge the bribery statute as being unconstitutionally vague. We review ineffective assistance of counsel claims de novo. *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). To succeed on his claim, Bryant must show by a preponderance of the evidence that his counsel failed to perform an essential duty, and prejudice resulted. *Id.* We can affirm if either element is absent. *Id.* Because counsel has no duty to raise an issue that has no merit, we will first determine whether Bryant's claim has any validity. *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009).

■■■■■ The Due Process Clause of the United States Constitution as well as article I, section 9 of the Iowa Constitution prohibits enforcement of vague statutes under the void-for-vagueness doctrine. *Formaro v. Polk County*, 773 N.W.2d 834, 840 (Iowa 2009).

> There are three generally cited underpinnings of the void-for-vagueness doctrine. First, a statute cannot be so vague that it does not give persons of ordinary understanding fair notice that certain conduct is prohibited. Second, due process requires that statutes provide those clothed with authority sufficient guidance to prevent the exercise of power in an arbitrary or discriminatory fashion. Third, a statute cannot sweep so broadly as to prohibit substantial amounts of constitutionally-protected activities, such as speech protected under the First Amendment.

*State v. Nail*, 743 N.W.2d 535, 539 (Iowa 2007). In assessing whether a statute is void-for-vagueness, this court employs a presumption of constitutionality and will give the statute any reasonable construction to uphold it. *Formaro*, 773 N.W.2d at 840.

■■■■ Bryant contends section 722.1 is unconstitutionally vague because the phrase "otherwise engaged to serve in a public capacity" does not give a person of reasonable intelligence sufficient notice as to who is covered by the section and opens the door to arbitrary and discriminatory enforcement.

The phrase "otherwise engaged to serve in a public capacity" is not explicitly defined by the legislature. However, we believe the statute provides sufficient guidance. To be "otherwise engaged to serve in a public capacity" provides adequate notice that any person occupying a position of trust with official state responsibilities falls within the statute. Accordingly, we find the statute is not unconstitutionally vague.

## V. Conclusion.

We find the district court properly concluded that the CCJ and Gluesing fell within the scope of Iowa Code section 722.1, since they were otherwise "engaged to serve in a public capacity" as Bryant's probation officer. We further find that substantial evidence supports Bryant's bribery conviction. Finally, we conclude the bribery statute is not unconstitutionally vague. Consequently, we affirm.

**AFFIRMED.**